CASE 67—ACTION ON ORDER—DEC. 9.

# Meagher v. Bowling.

APPEAL FROM BREATHITT 'CIRCUIT COURT.

1. BILL OF EXCEPTIONS—FILED IN VACATION BY AGREEMENT.—An agreement entered into by parties to a litigation at the time the motion for a new trial is overruled, that the unsuccessful party shall have thirty days within which to file a bill of exceptions, will preclude the successful party from making the objection that the bill was filed in vacation.

2. AGENCY—QUESTION OF FACT.—The question whether the contract sued on was within the scope of the agency of the person through whose instrumentality it was effected having been properly submitted to the jury upon conflicting evidence, the verdict will not be disturbed.

    (No brief for the appellant.)

C. P. CHENAULT FOR APPELLEE. (W. S. PRYOR OF COUNSEL.)

    The bill of exceptions is not a part of the record.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant upon an order for $225 given to him by one T. G. Ratcliff, which he alleged appellant accepted. Ratcliff was getting out staves for appellant from his land. Appellant's brother, Ed. Meagher, looked after the business. He requested appellee to let Ratcliff have goods from his store, agreeing to pay for them out of what was coming to him on account of the staves. Appellant contended that Ed. Meagher had no authority to make this arrangement for him; that his only authority was to inspect the staves; and that he was not bound by the order or the promise of Ed. Meagher that it should be paid. Ratcliff did not carry out his contract, but, according to the proof, quit in debt to appellant.

The bill of exceptions was filed in vacation in the clerk's

office, and it is insisted for appellee that, not having been filed by an order of court, it can not be considered as part of the record. But it appears from the order of court overruling the motion for a new trial that, by agreement of the parties, appellant was allowed thirty days to prepare and file his bill of exceptions. The bill of exceptions is signed by the judge, and was filed within the time fixed by the agreement, and, having been filed by agreement, must be considered. The parties can, by agreement, make up a bill of exceptions during vacation in this way, and, the bill having been filed as it. was agreed of record it should be, neither party should be allowed to question its validity.

Appellee was a merchant running a store near the land from which Ratcliff was getting the staves. On the faith of the arrangement made by Ed. Meagher as the agent of appellant, appellee parted with his goods, and looked to appellant to pay him for them. If Ed. Meagher had authority to make the arrangement, or if it was within the scope of his apparent authority, the loss, if any, from Ratcliff's shortcomings, must fall on. appellant, and not on appellee. The question of the authority of the agent was aptly submitted to the jury by the instructions of the court.

While the evidence is conflicting, the verdict of the jury is sustained, we think, by the facts and circumstances proved in the case.

There was no substantial error in the admission or rejection of evidence.

Judgment affirmed.